IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM CHARLES GRAHAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 25-cv-198-SMY |
| | ) |
| T. LILLARD, | ) |
| | ) |
| Respondent. | ) |

# ORDER

**YANDLE, District Judge:**

Petitioner William Charles Graham, currently incarcerated at FCI Greenville, filed the instant action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction and sentence (Doc. 1).  Graham is serving a 294-month sentence in the Bureau of Prisons ("BOP") at FCI Greenville following his conviction for interference with commerce by robbery in violation of 18 U.S.C. § 1951(b)(1) and using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii).  *United States v. Graham*, Case No. 19-cr-185-SRN-KMM (D. Minn.), Docs. 1, 489.  Graham appealed his judgment, but his appeal was dismissed by the Eighth Circuit due to his failure to prosecute.  *Id.* at Doc. 601.

Since then, Graham has repeatedly attempted to attack his conviction and sentence through collateral means.  He filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 which was denied by the District Court of Minnesota; the denial was affirmed by the Eighth Circuit Court of Appeals.  *Id.* at Docs. 677, 690.  Following that, Graham requested permission to file successive § 2255 petitions on four occasions.  Those requests have been denied by the Eighth Circuit Court of Appeals.  *Id.* at Docs. 735, 751, 778, 815.

Graham has also filed several § 2241 petitions in various district courts in Minnesota, Kentucky and Illinois. In this District, Graham filed six § 2241 petitions in 2024, all of which were summarily dismissed. As of the date of this order, he has filed four § 2241 petitions in 2025.

### Discussion

Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes district courts to apply the Rules to other habeas corpus cases. After reviewing the Petition, the undersigned concludes that this case is subject to dismissal.

In this case, Graham asserts that he is being held in violation of the Constitution, laws or treatises of the United States (Doc. 1). More specifically, he laims that the same offense conduct was used to support both of his convictions in violation of the Double Jeopardy clause; his sentence is void for want of jurisdiction because the statutes he was convicted under were not presented to a grand jury; he is being held in the BOP without a properly drawn Fourth Amendment warrant; and, he was sentenced on charges that were not made in the indictment in violation of his constitutional right to due process. *Id*.

If an inmate is claiming that his sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, he must file a motion under 28 U.S.C. § 2255 in the District of his conviction. *Franklin v. Keyes*, 30 F.4th 634, 638 (7th Cir. 2022) ("A § 2255 motion is the default – and usually the exclusive – vehicle for federal prisoners to seek collateral relief."); *Chazen v. Marske*, 938 F.3d

851, 856 (7th Cir. 2019). A petitioner is limited to one § 2255 motion and may only be permitted to file a second or successive motion if there is "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. § 2255(h).

Before 2023, the law of this Circuit permitted petitioners to employ 28 U.S.C. § 2241 to challenge their conviction and sentence via a "savings clause" in 28 U.S.C. § 2255(e). *In re Davenport,* 147 F.3d 605, 610-11 (7th Cir. 1998). However, the U.S Supreme Court closed the door on that possibility, holding that "the saving clause does not authorize such an end-run [on § 2255]" and that § 2241 may only be employed "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones v. Hendrix*, 599 U.S. 465, 469 & 477-78 (2023).

Here, Graham's challenges and the relief he seeks must be pursued a § 2255 motion – not a § 2241 petition. He presents no circumstances that made it impossible or impracticable for him to seek relief in the sentencing court nor any challenge other than a collateral attack on his sentencing.

Accordingly, Graham's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If Graham wishes to appeal this order, he must file a notice of appeal with this Court within 60 days of this entry of judgment. Fed. R. App. P. 4(a)(1)(B). If Graham chooses to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

If Graham files a motion for leave to appeal in forma pauperis, he must include in his motion a description of the issue she intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

**IT IS SO ORDERED.**

**DATED: February 24, 2025**

**STACI M. YANDLE**
**United States District Judge**